**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

TRAVIS PHILMLEE, SR.                                                                                  PLAINTIFF

V.                                            4:10CV00399 SWW/JTR

KARL BYRD,
Sheriff of Faulkner County, et al.                                                              DEFENDANTS

**ORDER OF DISMISSAL**

In May of 2010, Plaintiff, Travis Philmlee, Sr., commenced this *pro se* § 1983 action alleging that Defendants violated his constitutional rights while he was confined in the Faulkner County Detention Center. *See* docket entry #2. In June of 2010, Plaintiff notified the Court that he had been released from custody and that he was residing at a private address in California.

Accordingly, on June 25, 2010, the Court entered an Order giving Plaintiff thirty days to file a freeworld Application to Proceed *In Forma Pauperis*. *See* docket entry #6. On August 5, 2010, the Court gave Plaintiff an extension, until August 30, 2010, to comply with the June 25, 2010 Order. *See* docket entry #9. Importantly, in both Orders, the Court advised Plaintiff that the failure to timely and properly file his freeworld Application to Proceed *In Forma Pauperis* would result in the dismissal of his case, without prejudice, pursuant to Local Rule 5.5(c)(2).[1] *Id.*

---

[1] Local Rule 5.5(c)(2) provides that: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. *If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice*. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure." (Emphasis added.)

As of the date of this Order of Dismissal, Plaintiff has failed to comply with the Court's June 25, 2010 and August 5, 2010 Orders, and the time for doing so has expired.

IT IS THEREFORE ORDERED THAT:

1. Pursuant to Local Rule 5.5(c)(2), this case is DISMISSED, WITHOUT PREJUDICE, due to Plaintiff's failure to timely and properly comply with the Court's June 25, 2010 and August 5, 2010 Orders.

2. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order of Dismissal and the accompanying Judgment would not be taken in good faith.

Dated this 17th day of September, 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE